ROBERT A. KINZIE, appellant, *v.* JAMES W. PENROSE, appellee.

*Appeal from Cook.*

The appellant filed his bill in the Cook Circuit Court, sitting as a court of chancery, and set out, in substance, that he agreed to convey to the appellee, lot No. 10, in block No. 12, in Kinzie's Addition to the town of Chicago, for the sum of forty-two dollars, and that at the same time, to wit, on the 9th of March, 1833, he also agreed to convey to said appellee, lot No. 11, in said block No 12, upon the condition that the said appellee should thereafter, and before the 1st of

Kinzie v. Penrose.

August, 1834, build and finish a good dwellinghouse upon said lot No. 11; and that his motive therefor, was to enhance the value of his remaining lots in said addition; and that for the consideration stated, and no other, he did on the said 9th of March, 1833, execute and deliver to the said defendant, a good and sufficient deed of conveyance for the said lots No. 10 and 11.

The bill further stated the absolute neglect and refusal of the appellee to erect the house.

The bill further recited the acknowledgment of the appellee, in a certain letter to individuals named in the bill, that he had not observed the condition on which he had received the conveyance of lot No. 11, and his perfect willingness to reconvey the same to the appellant, or pay a valuable consideration therefor; and that during the pendency of a negotiation for the settlement of the controversy, the appellee wrote a letter to the brother of the appellant, on the 6th day of March, 1835, repeating his willingness to give up the said lot to the appellant, preferring. however, to purchase it. That the appellant informed the appellee of the price to be paid for the lot, and requested him to pay the same, or reconvey the lot to the appellant; but that he subsequently refused to do either. To this bill the appellee appeared, and filed a demurrer.

The complainant subsequently filed an amended bill which stated, that the forty-two dollars named as the consideration for the two lots, No. 10 and 11, in the deed, was received solely as the consideration for lot No. 10, and for no other purpose; and that the agreement of the appellee to put up and build the house named, was the sole and only consideration for the conveyance of lot No. 11. The bill prayed for a reconveyance of lot No. 11, &c.

To this amended bill, the defendant demurred, and the appellant joined in the demurrer, which the Circuit Court sustained: Held, that the decision was erroneous, and that there was sufficient equity in the bill to entitle the complainant to relief.

There can be no question but that it is competent for a party to show a different consideration, from the one stated in the deed, as between the parties to it, under peculiar circumstances.

There are several exceptions to the general rule of evidence, that a party cannot contradict his deed, or enter into proof of any other consideration than that expressed in the deed.

These exceptions prevail in cases of fraud, mistake, imposition, or oppression; and in cases where deeds have been entered into upon secret trusts between the parties.

Where the statute of frauds is not pleaded, it will not be noticed.

THE complainant filed his bill in chancery in the Cook Circuit Court, alleging that, being the owner and proprietor of that part of the town of Chicago known as " Kinzie's Addition," he sold lot No. 10, in block No. 12, to the defendant, on the 9th of March, 1833, for $42; and also, at the same time deeded to defendant, lot No. 11, in the same block. That the $42 mentioned as the consideration money in the deed, was paid for lot No. 10, and that lot No. 11 was deeded to defendant upon an agreement between the parties that the defendant should before the first day of August, 1834, erect, build, and finish a good dwellinghouse upon the said lot No. 11. That the motive which induced the complainant to deed the said lot to defendant, and the only consideration for such conveyance, was the agreement of the defendant to erect and complete the said building; the said complainant expecting that the residue of his lots in the said addition, would be greatly enhanced in value by the erection and completion of said building. That the deed of conveyance of the two lots, was duly acknowledged, and recorded in the recorder's office of

the Cook county, a certified copy of which is exhibited with the bill ; that the complainant placed great confidence in the defendant ; that the agreement to build, which was the sole and only consideration for which said lot No. 11 was conveyed, was by parol ; and that the defendant combining &c., to defraud the complainant, shortly after the making and recording of the said deed, removed himself and family from this State, and beyond the jurisdiction of any of the courts of law of this State ; and that he has neglected, failed, and refused to build upon and improve said lot No. 11, according to his promise and agreement. The bill further alleges that the agreement of the said defendant by which he obtained the deed for said lot No. 11, was made with the fraudulent intent to deceive and defraud the complainant out of the said lot, and for no other purpose whatever, as the said complainant believes, and so charges the fact to be.

The bill also avers that sometime in the fall of the year 1834, the defendant was informed that the complainant was about to commence and prosecute a suit in chancery for the recovery of the said lot No. 11, because of the failure of the defendant to build upon and improve said lot, according to the agreement ; and that thereupon the said defendant wrote letters to Col. T. J. V. Owen, and Col. R. J. Hamilton, acknowledging that he had forfeited the said lot, by his non-compliance with the agreement, and also empowered, authorized, and requested, either of said gentlemen to settle the same with the complainant, without suit, or further difficulty ; and at the same time declared his willingness to reconvey the lot to complainant, or pay a valuable consideration therefor, and keep it ; that at the request of Col. Owen, the complainant delayed bringing suit until it could be ascertained whether the defendant would pay the price set upon said lot, by the complainant, and that during the pendency of the said negotiation, the defendant wrote to the complainant's brother, John H. Kinzie, from Mackinaw, on the 6th of March, 1835, repeating his willingness to give up the lot to the complainant, but declaring that he preferred purchasing it. The last mentioned letter is exhibited with the bill. The bill further avers that the defendant was informed of the price of said lot, and requested to forward the price, or a deed of release of the same, to the complainant, as soon as it could be done. That afterwards, in the month of July, 1835, the defendant visited Chicago, and remained some days, and again left, without paying the complainant any thing for said lot ; but refused to make payment, and refused to reconvey the said lot to the complainant, or to arrange the matter in any way whatever.

The bill concludes with a prayer of summons to the defendant, and that he be required to answer all the matters and things therein, upon oath, and prays a decree requiring the defendant to reconvey lot No. 11, &c.

The bill was filed, and summons issued on the 17th of February, 1836.

The summons was returned, defendant not found, and publication in a newspaper was then duly made.

On the 24th day of May, 1837, the defendant filed his answer to said bill, demurring to all of said bill, excepting so much thereof as charges the defendant with combination and fraud ; and for causes of demurrer states, " that the complainant has not by his bill made such a case as entitles him, in a court of equity, to any discovery from the defendant, or any relief against him as to the matters contained in the said bill, or any such matters, and that any discovery which can be made by this defendant, touching the matters complained of in the said bill, or any of them, cannot be of any avail to the complainant for any of the purposes for which a discovery is sought against the defendant, by the said bill, nor entitle the said complainant to any relief in this Court, touching any of the matters therein complained of.   Wherefore, and for divers other good causes of demurrer, appearing in the said bill, the said defendant does demur," &c.

The answer, as to the charges of combination and fraud, and an intent to deceive and defraud the complainant, wholly denies the said allegations in the bill, and concludes with a prayer to be dismissed with reasonable costs, &c.

At the May term, 1837, of the Circuit Court of said county, the complainant filed an amended bill, in which he explicitly alleges and charges, that the agreement between complainant and defendant was, that, in consideration of the deeding of said lot No. 11 to defendant, by complainant, the defendant would build upon and improve said lot; and that if he failed to erect and complete the dwelling-house upon said lot, before the 1st of August, 1834, he would reconvey the said lot, by deed of release, to the complainant, at any time after that period.   The complainant avers, that the agreement to improve said lot was the sole and only consideration for the deeding of said lot to defendant, and states the neglect and refusal of the defendant to perform, according to said agreement, or to reconvey to the complainant ; and concludes with a prayer as in the original bill.

At the August term, 1837, of said Court, the defendant filed an amended answer and demurrer, denying all combination and fraud, or intent to defraud, and demurring to all the residue of the said bill.

The following is a copy of the letter from Penrose to John H. Kinzie, referred to in the bill :

" *Mackinaw, March 6th*, 1835.

" Dear Sir,

" I heard last fall, by accident, that your brother Robert was about entering a suit in chancery for the recovery of the lot pre-

sented me on condition of building. I have written to Colonel Owen to have this affair settled; also to Colonel Hamilton, and have not received a line from either. I informed them I wished to settle it without a suit, and would do so, by giving up the lot, or any other mode which would prove satisfactory to him (your brother). I would prefer purchasing, if I can. You will greatly oblige me, my dear Sir, if you will write me on the subject.

"I am, very respectfully, your obedient servant,
(Signed) Jas. W. Penrose."

On the 9th of February, 1838, the complainant filed his replication to the answer, and joinder in demurrer.

At the March term, 1838, of said Court, the Hon. John Pearson presiding, the demurrer was argued, and sustained by the Court, and the bill dismissed at the costs of the complainant.

The complainant appealed to this Court.

B. S. Morris and J. Grant, for the appellant:

The appellee acknowledged, in writing, that he had received a deed, and promised to fulfil the agreement. This takes it out of the statute of frauds. 10 Wend. 206; 2 Story's Eq. 90, 91; Cooper's Eq. 258 (3 a); 9 Vesey 519.

It was not necessary to have a covenant in writing. Francis's Maxims 62, 63. The evidence of a condition resting merely in parol, or oral, is frequently admitted. Wright 305.

Equity will examine into a deed to see if it be a mortgage, though it be absolute upon its face. Wright 249.

Receipt in the deed does not prevent a party from asserting his lien for the purchase money. 4 Wheat. 277; 1 Wash. 38; 2 Wash. 141; 7 Wheat. 46.

A contract for the sale of land, may be in writing, and the consideration may be reserved by parol. 1 J. J. Marsh 388, 552.

Estates upon condition, see 4 Kent 121; 5 Pick. 528.

Specific performance of agreement. 2 Paige 177; 3 Johns. Dig. 70, § 17.

J. Butterfield and James H. Collins, for the appellee:

1. The condition set up in the bill of complainant, to defeat the conveyance in fee simple, of the lot in question, is void, because the condition is not by deed under seal. 2 Coke Litt. 225, d. § 265; 2 Cruise Dig. 5; 4 Kent Com. (3d edition) 120, 122; 2 Coke Litt. 201, d. § 325; 2 Blac. Com. 152, 154.

2. A court of equity will never lend its aid to divest an estate for the breach of a condition subsequent. 4 Kent Com. 129, 130; 1 Edwards' Ch. R. 229; 2 Cruise Dig. 30; 2 Coke Litt. 218, note d.; 2 Blac. Com. 156; 3 Blac. Com. 174, 175.

3. The complainant cannot contradict his deed, nor enter into proof of any other consideration than that expressed in the deed, for this would be contrary to the deed. 1 Johns. Chan. 178, 381, 425, 429.

SMITH, Justice, delivered the opinion of the Court: (after stating the facts in the case.) (1)

We think the demurrer ought not to have been sustained.

The consideration upon which the lot No. 11 was conveyed, sufficiently appears by the exhibit of the letter of Penrose, the appellee, to have been the one stated in the bill. The letter is explicit, that the lot was presented or transferred by conveyance, on the express condition of building.

There can be no question that it is competent for the appellant to show a different consideration than the one stated in the deed, as between the parties to it. The true consideration is admitted, and therefore it would be but equitable that the appellee should perform his part of the real original contract between the parties.

If it be objected that this was a parol contract concerning the sale of lands, and consequently within the statute of frauds, it may be replied, if it be so considered, that the statute has not been pleaded, and consequently, as the contract is not sought to be avoided under the statute, the Court will not notice it.

We think there is sufficient equity in the bill.

The judgment of the Circuit Court is reversed, and the cause remanded for further proceedings.

A rehearing having been had in this case, we proceed to reaffirm the opinion heretofore expressed in the cause, and to state more fully the reasons for still entertaining the conclusions to which we came on the first hearing; and also to answer the objections urged by counsel against a reversal of the judgment of the Circuit Court.

It has been strenuously insisted on, that the complainant cannot contradict his deed, nor enter into proof of any other consideration than that expressed in the deed, for that would be contrary to the deed.

As a general rule, the proposition is admitted; but there are exceptions to all general rules. To this general rule of evidence, which prevails in equity as well as at law, there is admitted to be several exceptions, and that these exceptions prevail in cases of fraud, mistake, imposition, or oppression; and in cases where deeds have been entered into upon secret trusts between the parties. A very strong case of an exception to the general rule, is to be found in Washington's Virginia Reports of cases decided in the Court of Appeals in that State, (2) in which parol evidence was admitted to prove that an absolute deed was intended to operate as a mortgage. The Court, in that case, say that, "It is objected in this case that here is an absolute deed, and that no parol proof is to be admitted to contradict it. This is a question important in its consequences, but which, in its full latitude, cannot be admitted either way, as the general rule; that is to say, we cannot determine that it is not to be

(1) The Reporter has omitted the statement of the case made in the opinion of the Court, because the facts have already been given.
(2) 1 Wash. R. 19.

Kinzie *v.* Penrose.

admitted in any case, or that it is to be admitted in all cases. To say it shall be admitted in no case, would be to overturn all the decisions in which relief has been granted against deeds, upon the grounds of fraud, mistake, oppression, or imposition; or that they were made upon secret trust between the parties. In all which cases the fact, which is the ground of relief, is established by the testimony of witnesses. Of the first class, the books abound with instances, which are stated in the case of Lord Irnham *v.* Child.(1) Of the latter, there are also many. The case of Gascoigne *v.* Tewing (2) is a strong one. A. purchased in the name of B., to whom the conveyance was made; A. was admitted to prove that he paid the purchase money, so as to make it a resulting trust to himself. So in the case of Hill *et ux. v.* Wiggett, (3) a surrender of a *feme covert,* and the admission upon the roll was of a moiety only of her estate, yet an entry on the steward's book, and parol proof by the foreman of the jury, were admitted as good evidence to prove she surrendered the whole."

Another case is referred to, supposed to militate against the distinction contended for, but it is remarked, "The general principles of the case prove that parol evidence, where there is a deed, is not to be admitted in all cases, nor refused in all; every case must depend upon its own circumstances. In that just noticed, the Chancellor admitted the proofs to be read, to discover if there were grounds for relief, on a new head of equity, and on the testimony, determined there was not."

Parol proof that a deed, absolute in its terms, is in fact a mortgage, is admissible. (4).

The cases cited by the counsel for the defendant in error, from 1 Johnson's Chancery Reports, do not militate against the principles of exception to the rule contended for, nor, it is thought, deny the justice of the rule. In that most relied on, of Stevens *v.* Cooper,(5) the Chancellor remarks, "The general rule is certainly not to be questioned or disturbed. It ought not to be a subject of discussion. It is as well grounded in reason and policy, as it is in authority; nor does this case come within any exception admitted here to the operation of the rule."

If no relief should be afforded the complainant, it is most evident that the defendant will receive valuable property, without the performance of a condition admitted to have been one of the conditions of the conveyance of the land, and in violation of an express stipulation between the parties.

The complainant anticipated an increase to the value of the residue of his property adjacent to the lot conveyed, by the agreement to build; and supposed it would have been observed by the defendant, in good faith. The Court see no just reason why the latter should

(1) 1 Bro. Ch. C. 92.  (2) 1 Vern. 366.  (3) 2 Vern. 547.
(4) 9 Wend. 227.  (5) 1 Johns. Ch. 429.

be absolved from his engagement, and also retain the lot, without giving any compensation therefor. The admission of the parol evidence shows only that there was an additional consideration for the conveyance, which existed at the time, and must naturally be supposed to enter into the inducements for the sale of the ground. Hence we are not satisfied that the parol proof should be excluded, but believe it ought to be admitted, on the ground of preventing the perpetration of an imposition, an act of oppression on the complainant.

The objection, then, that the condition is not by deed under seal, but resting in parol, is met by the reasons stated for the admissibility of such proof.

The other ground assumed by counsel, that a court of equity will never lend its aid to divest an estate, for the breach of a condition subsequent, is thought to have no application to the case before us. There is not conceived to be any condition subsequent.

It was a coexisting condition at the time of the execution of the deed, resting in parol, but not inserted in the deed, because, probably, of the mutual confidence between the parties at the time, that it would be consummated in good faith.

Let the judgment of the Circuit Court be reversed, with costs, and the cause be remanded for further proceedings.

*Judgment reversed.*