## The Moffat Coal Company, Appellant, v. Charles F. Miller, Appellee.

1. EVIDENCE—*parol as to consideration.* Where a lease provides that the party of the first part for a consideration to be mentioned agrees that the party of the second part may mine coal for fifty years on certain property, and the party of the second part in consideration thereof agrees to keep accounts of coal mined and to pay a certain royalty, it cannot be shown by parol, that $100 was also given as consideration since there is a specific statement that all the consideration is contained in the terms of the agreement.

2. MINES AND MINERS—*leases.* A lease under which the first party agrees to allow the second party a fifty-year right to mine on certain property, and the second party agrees to keep an account of the coal mined and to pay a certain royalty, is not fair or within good conscience, and even if parol evidence of a payment of $100 as consideration by the second party is admissible, such a .payment will not induce equity to aid in making the lease valid, but the second party should be left to his remedy at law.

Appeal from the Circuit Court of Randolph county; the Hon. W. E. HADLEY, Judge, presiding. Heard in this court at the March term, 1912. Affirmed. Opinion filed October 7, 1912.

WILLIAM M. SCHUWERK and A. E. CRISLER, for appellant.

H. CLAY HORNER, for appellee.

MR. JUSTICE McBRIDE delivered the opinion of the court.

This cause was heard upon an amended bill filed by the appellant in the Circuit Court of Randolph county, seeking to correct a mistake in the description of lands in a lease set forth in said bill. To this bill the appellee filed a demurrer, which was sustained by the Circuit Court and to reverse this holding the appellant prosecutes this appeal.

The amended bill alleges that on October 27, 1903, the appellee entered into a written agreement and

lease deed with Thomas Moffat for mining and removing the coal from under lots four (4) and five (5) of school lands in Section sixteen (16) Town five (5) south, Range five (5) west of the Third Principal Meridian in Randolph county, Illinois, but by a mistake of the scrivener the lands were erroneously described as the west half (½) of the northwest quarter (¼) of Section sixteen (16). The lease referred to is set forth in complainant's bill and provides that the said Charles F. Miller, party of the first part, for the consideration hereinafter mentioned to be performed by the party of the second part, agrees that the said Thomas Moffat may mine and remove the coal from under the west half (½) of the northwest quarter (¼) of Section sixteen (16) aforesaid, providing said right and privilege shall not extend for a longer period than fifty (50) years from the date hereof. The lease also provides that the party of the second part may have and use sufficient of the surface for necessary air shafts,. pump houses, and to use entries and ways that may be open for mining purposes and for the transfer of coal. It further provides that the said party of the second part, in consideration of the premises above set forth, doth hereby agree to keep a correct account of all coal mined and removed from said land, and render a true monthly statement thereof, and to pay two and one-half cents per ton for each ton of coal that may be mined and removed from such mine, payable on the 20th day of each month succeeding the removal of the coal. The agreement then provides penalties for the default in the payment of the money due for coal, and that upon the expiration of fifty years above mentioned that second party may remove any and all machinery and property thereon. It is also averred that this lease was duly assigned by Thomas Moffat to the appellant.

The prayer of the bill asks that the erroneous description given in said lease may be corrected.

The validity of this lease was before this court

at the February term, 1910, in the case of Charles F. Miller v. Thomas Moffat et al., reported on page one of Vol. 153 of the Appellate Reports, and in that case the court held that the contract above set forth was void for want of mutuality; and the appellant now seeks to avoid the force of said opinion by alleging in its bill that the "complainant further represents that on the same day and immediately upon the execution and delivery of the said agreement and lease deed, the said Thomas Moffat paid to the said Charles F. Miller the sum of one hundred dollars in consideration of and for said agreement; and on the same day, in the same place and in the presence of the said Charles F. Miller, and for the purpose of reaching the coal under the land described in said lease deed, by continuous mining from the coal lands of the complainant, the said Thomas Moffat entered into a written agreement and lease with one R. J. Miller, a brother of the said Charles Miller, for mining and removing the coal from under the following described real estate;" and then describes the real estate, and also alleges that the above agreements were executed for the benefit of the appellant; and alleges that ever since the making of the said agreements it has driven the entries of its coal mine on its own land adjoining the lands leased from the said R. J. Miller towards the lands of appellee, and at great expense had arranged to mine the coal under the lands of appellee.

It is claimed by counsel for appellant that while it is true the alleged consideration of the payment of one hundred dollars and of the making of the lease to R. J. Miller are not included within the terms of the lease existing between appellant and appellee, but that appellant is entitled to show by parol proof that such consideration in fact passed, and that it is sufficient to relieve the contract in question from the want of mutuality.

It is claimed that the real consideration for a deed may be shown by parol evidence, and the case of

Kinzie v. Penrose, 3 Ill. (2 Scam.) 515, with other authorities, are urged in support of this proposition. An examination of the Penrose case will disclose that the general rule laid down there is that the complainant cannot contradict his deed nor enter into proof of any other consideration than that expressed in the deed, for that would be contrary to the deed, but it is also said that there are exceptions to this rule which prevails in cases of fraud, mistake, imposition or oppression, or in cases where deeds have been entered into upon secret trust between the parties; and the court permitted the introduction of other evidence in that case for the purpose of preventing Penrose from taking advantage of a fraud that he had attemped to perpetrate upon Kinsey, which he had admitted in writing, and that he was not doing what he agreed to. In the case of Huebsch v. Scheel, 81 Ill. 281, the parol evidence was admitted for the purpose of showing that the conveyance made was intended as additional security and not as a sale, and was permitted for the purpose of placing appellant in the true light in his relation to the purchase of property in question, but we do not regard these authorities as conclusive of the question now presented for consideration.

The only part of this allegation that warrants serious consideration is the alleged payment of the one hundred dollars to appellee. We are not able to perceive how the lease that may have been made with R. J. Miller, or the work done by appellant upon its own land, can effect the consideration between appellant and appellee. We think the decision in this case rests upon the determination of the question as to whether or not the consideration expressed in the lease is a mere recital or whether it is a part of the contract, and as to whether or not so slight additional consideration as is alleged in the bill would make a void contract valid.

The deed in this case provides, "That the said Charles F. Miller, party of the first part, for the consideration hereinafter mentioned to be performed by the party of the second part, agrees that the said Thomas Moffat, party of the second part, may mine and remove the coal from under the following described real estate," etc. And further on in the lease it is stated, "And the said party of the second part in consideration of the premises as above set forth, doth hereby agree to keep a correct account of all coal mined," etc. By these provisions it is covenanted that the things appellee undertakes to do are in consideration of the matters hereinafter mentioned to be performed by appellant; and the things undertaken to be performed by appellant are in consideration of the matters set forth in the agreement as covenants of the appellee, so that we have in this contract a specific statement that all of the consideration is included within its terms, and if other or additional considerations were allowed to be proven or considered it would have to be done in violation of the plain provisions of this agreement. It is said by Wigmore on Evidence, Sec. 2433, "But the statement of a consideration may, on the other hand, sometimes be itself an operative part of a contractual act, as when in the same writing the parties set out their mutual promises as considerations for each other; here the word consideration signifies a term of the contract, and hence the writing alone can be examined." In the case of Illinois Central Ins. Co. v. Wolf, 37 Ill. 355, it is said, "All that the Court held in these cases was, that parol evidence might be received for the purpose of contradicting the acknowledgment, in a deed, of payment of the consideration, where the object and effect of such evidence were not to vary the legal import of the deed. For example, in a deed for the conveyance of lands, the recital of payment of the consideration may be con-

tradicted, provided it is not sought by such evidence to impair the effect of the deed as a conveyance. But we know of no case, nor do we think any can be found, in which it has been held that the acknowledgment of payment may be contradicted by parol, for the purpose of making the deed null." And this doctrine is further sustained by Martin v. Stubbings, 27 Ill. App. 128, and affirmed in Martin v. Stubbings, 126 Ill. 387.

It seems to us that it would indeed be dangerous, where a contract within itself contains provisions that one party promises to do certain things in consideration that the other party performs certain other things, to permit parol evidence to be introduced to show that either party were required to do other or different or additional things to those mentioned in the contract. If we should permit the contract set forth in complainant's bill to be aided by showing additional consideration it might result in the making of a contract that was invalid, valid and oppressive.

As was determined by this court in the case of Miller v. Moffat, 153 Ill. App. 1, the lease here set forth was without mutuality; that appellee was not under the terms of this agreement bound to do anything; that the object of this agreement, as entered into, was to remove the coal and to secure a royalty to appellee by the removal of such coal; that appellee was not in a position to compel appellant to mine or remove one ton of this coal, and if the agreement is held valid then for a period of fifty years the appellee, without any real consideration, would be compelled to await the pleasure of the appellant in the mining and removal of this coal, or any part of it. We do not regard such a contract as fair or within good conscience, and that a court of equity ought not to give its aid towards the enforcement of such a contract, and we do not believe that the payment of a small consideration of one hundred dollars, if otherwise permissible, ought to induce a court of equity to lend

its aid in the making of a void contract valid, and of giving the appellant such undue advantage over the appellee, but that appellant should be left to its remedy at law. We believe that the Circuit Court did right in sustaining the demurrer to complainant's bill, and the decree of the Circuit Court is affirmed.

*Affirmed.*