Henry Sidders, Appellant, *v.* Jacob Riley, Administrator of Andrew B. Hume, deceased, Appellee.

APPEAL FROM ROCK ISLAND.

It is competent for a party to show that the consideration expressed in a deed applied only to a part of the land described in it, the vendor not pretending to have a title to some of the land referred to in the deed.

THIS was an action of assumpsit commenced in Rock Island Circuit Court by said Sidders against said Riley as such administrator, on a promissory note for $750, given by said Hume to Sidders.

Declaration contains three counts: first two, charge defendant as administrator, and third, a promise to pay on his part.

The defendant filed several pleas, upon which issues were made up.

Defendant read in evidence the deed from Sidders and wife to Andrew B. Hume, and also the record and papers in the chancery suit referred to in the pleas, without objection, and rested.

Plaintiff then offered to prove that at the time plaintiff made said deed to Hume, he informed Hume that he had no title to the north half of said quarter section. Defendant objected. Court sustained objection, and plaintiff excepted.

Plaintiff then offered to prove that the note sued on was given for said south half and certain farm stock, goods and chattels, at the same time sold and delivered to Hume, and that the north half was no part of the consideration for the note. Defendant objected. Court sustained the objection, and plaintiff excepted.

Plaintiff then offered to prove that the $1,500 mentioned in the deed referred to in the pleas, was the consideration for the said south half, farm stock, goods and chattels, and that no value was put upon or price agreed to be paid for the north half. Defendant objected. Court sustained objection, and plaintiff excepted.

Plaintiff then offered to prove that, after said deed was signed and sealed, and before delivery thereof, it was agreed by the parties thereto, as a condition of the delivery, that the grantee should have no recourse, right or remedy, upon the covenants in said deed, except so far as they applied to the south half so conveyed. Defendant objected. Court sustained objection, and plaintiff excepted.

Jury found for plaintiff, $283.12.

Plaintiff moved for a new trial. Court overruled the motion, and plaintiff excepted.

The errors assigned are:

1st. Excluding the evidence offered by plaintiff below.

2nd. Overruling motion for new trial.

3rd. Verdict and judgment should have been for the plaintiff below, for the whole amount due on the note.

LELAND & LELAND, and E. R. DEAN, for Appellant.

GLOVER & COOK, for Appellee.

BREESE, J. The rule contended for by the counsel for appellee cannot be denied, but its application to the present case may well be.

We do not understand the testimony offered by the plaintiff in its various phases as presented by him, contravened the rule that the terms of an instrument in writing cannot be varied by parol evidence.

It has been decided by this court, that it is competent for a party to show a different consideration from the one stated in the deed as between the parties to it, under peculiar circumstances. *Kinzie* v. *Penrose*, 2 Scam. R. 515. In that case the party was permitted to show that the consideration expressed in a deed for two lots of ground, was in reality, the consideration for one only.

So it is universally held, that a deed absolute on its face, may be shown by parol to have been intended as a mortgage.

All that the plaintiff proposed to prove was, that when defendant received the deed, it was with the express knowledge and understanding that the consideration of fifteen hundred dollars expressed in it applied only to the south half of the quarter section, the defendant well knowing at the time, that the plaintiff had no title to the north half and did not pretend to sell and convey any title to that half. The defendant accepted the deed with that understanding, and it is competent for the plaintiff to show this by parol.

In the case of *Allen, Adm'r*, v. *Lee*, 7 Indiana Rep., it was held that parol evidence may be given, not to contradict the terms of a written warranty, but to show that the property was taken by the purchaser subject to incumbrances which he knew to exist at the time of the purchase, though they were not mentioned in the deed, and there was a warranty against incumbrances. And so is the case of *Leland* v. *Stone*, 10 Mass. Those cases, in principle, do not differ in any essential particulars from this. The jury returned a verdict for the plaintiff for a part of his claim. It seems to us, if he was entitled to recover at all, he should recover the amount of the note and interest, if he makes out his case.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*