A. C. JOHNSON v. C. A. ELMEN ET AL.

No. 941. Decided November 15, 1900.

1. **Deed—Warranty—Incumbrance—Assumption by Vendee—Parol Evidence.**

A grantor by deed of general warranty (implying a covenant against incumbrances) when sued thereon by the warrantee who had been dispossessed by a purchaser at a sale under foreclosure of an incumbrance covered by such warranty, can show in defense a parol agreement, as part of the consideration, that the vendee should himself assume and pay off such incumbrance. (Pp. 172-175.)

2. **Same—Cases Distinguished.**

Such case distinguished from those showing merely knowledge by the covenantee of the incumbrance, or parol agreement that it be excepted from the warranty. (P. 173.)

CERTIFICATE OF DISSENT from the Court of Civil Appeals for the First District, in an appeal from Harris County. For opinion in appellate court, see 24 Texas Civil Appeals, 43.

*Baldwin & Meek,* for appellant.—Parol evidence is never admissible to control, vary, add to, or contradict the terms or legal effect of a written contract, and the terms of such contract are conclusive on the parties thereto as to the existence and extent of implied or express warranties made by either party, either before or at the time of the sale. And parol evidence can not be received to show additional warranties or agreements, or to vary the effect of those expressed by the terms of the contract. Bigham v. Bigham, 57 Texas, 238-343; Warren v. Clark, 24 S. W. Rep., 1105; Kruegel v. Nitschman, 15 Texas Civ. App., 641; 10 Am. and Eng. Enc. of Law, 371; 17 Id., 420, 438; 28 Id., 794; 1 Jones on Law of Real Prop., secs. 861, 862, 883.

Inasmuch as the consideration for the deed was fully expressed in the deed from C. A. Elmen to A. C. Johnson, parol evidence was not admissible by either party to vary, qualify, or contradict the consideration expressed in the deed. Weaver v. City of Gainesville, 1 Texas Civ. App., 286; Bruner v. Strong, 61 Texas, 555; Railway v. Garrett, 52 Texas, 133; Railway v. Pfeuffer, 56 Texas, 71; Wamack v. Wamble, 7 Texas Civ. App., 274.

Inasmuch as the deed from C. A. Elmen to A. C. Johnson is complete upon its face, and shows that the consideration was $700 and other property on that day conveyed to Elmen, this statement of the consideration was something more than the mere recital of dollars, and was something more than a mere receipt; it thereby became the recital of the terms of a contract creating and attesting rights, as shown by the intention of the parties gathered from the instrument; and it was no longer open to contradiction or additions by extrinsic evidence. The parties thereby became bound by the recitals contained in said instrument, and parol evidence was not admissible to vary or contradict or add to its terms. Same authorities as those cited above; and also, Coal Co. v. Lawson, 10 Texas Civ. App., 497; Purinton v. Railway, 46

Ill., 297; Meads v. Lansingh, Hopk. (N. Y.), 124; and other authorities cited by us in our comments which are taken from Jones on the Law of Real Property in Conveyancing, vol. 1, secs. 861, 883.

Mr. Jones, in his work on Law of Real Property in Conveyancing, section 861, says: "Parol evidence is not admissible to contradict or control a covenant against incumbrances by showing that the parties agreed that a particular incumbrance not expressly excepted in the deed was orally excepted, or that the grantee orally agreed to assume such incumbrance. Such evidence would have the effect of varying and contradicting the written deed, unless it appeared that the exception was omitted through fraud or accident, which would be ground for reforming the deed. The legal effect of a covenant against incumbrances can not be cut down or varied by proof of an oral agreement by the grantee to pay an assessment then existing upon the land." The author cites the following authorities to support the text: Illinois: Sidders v. Riley, 22 Ill., 109; Wadhams v. Innes, 4 Ill App., 642. Indiana: Bever v. North, 107 Ind., 544; Morehouse v. Heath, 99 Ind., 509; Rinehart v. Rinehart, 91 Ind., 89. Iowa: Evans v. Duncan, 82 Iowa, 401; Johnson v. Walter, 60 Iowa, 315; Gerald v. Elley, 45 Iowa, 322; Van Wagner v. Van Nostrand, 19 Iowa, 422. Maine: Donnell v. Thompson, 10 Me., 170; Porter v. Noyes, 2 Me., 22. Massachusetts: Flynn v. Bourneuf, 143 Mass., 277; Howe v. Walker, 4 Gray, 318; Estabrook v. Smith, 6 Gray, 570, 578; Spurr v. Andrew, 6 Allen, 420; Batchelder v. Sturgis, 3 Cush., 201; Raymond v. Raymond, 10 Cush., 134; Harlow v. Thomas, 15 Pick., 66, 69; Leland v. Stone, 10 Mass., 459; Townsend v. Weld, 8 Mass., 146. Minnesota: Bruns v. Schreiber, 43 Minn., 468. Missouri: McLeod v. Skiles, 81 Mo., 595; Patterson v. Yancy, 81 Mo., 379; Laudman v. Ingram, 49 Mo., 212. New York: Suydam v. Jones, 10 Wend., 180, 185; Duncan v. Blair, 5 Denio, 196. Ohio: Long v. Moler, 5 Ohio St., 271. Pennsylvania: Collingwood v. Irwin, 3 Watts, 306. Texas: Bigham v. Bigham, 57 Texas, 238. Vermont: Beach v. Packard, 10 Vt., 96.

In section 862 this same author says: "An attempt has been made to establish an exception to this general rule of law. In Indiana it has been held, in some cases, that proof is admissible to show that an existing incumbrance was agreed by the parties not to be embraced within the covenant against incumbrances, and that the price paid was what the parties agreed upon as the purchase price subject to the incumbrance." And in his foot notes, page 695, while commenting upon this attempted exception, he says: "This attempted distinction has given rise to a vast amount of litigation in Indiana; and this fact alone is sufficient to indicate that the distinction is shadowy. It seems clear that the exception to the general rule of law on this subject should never have been entertained."

Again, in section 883, he says: "Parol evidence is not admissible to show that a purchaser knew of the existence of an incumbrance or adverse right, not referred to in the deed, and took the conveyance

subject to it. Uncertain would be the titles of real estate, and useless the registration of deeds, if their contents and effects were to be determined by the testimony of witnesses." It is competent to covenant against known incumbrances. The purchaser might know of the existence of an incumbrance, and yet expect that the grantor would remove it. But, however this might be, to show by parol evidence that he knew of the existence of the incumbrance, and bought subject to it, is inadmissible either to control the meaning of the covenant or to mitigate the damages for a breach of it.

And in addition to the authorities cited in section 861, he cites the following authorities to support the text: Harlow v. Thomas, 15 Pick., 66, 69; Edwards v. Clark, 83 Mich., 246; Smith v. Lloyd, 29 Mich., 382-388; Ballard v. Burrows (Iowa), 50 N. W. Rep., 74; Yancey v. Tatlock (Iowa), 61 N. W. Rep., 997; Flynn v. Mining Co., 72 Iowa, 738; McGowen v. Myers, 60 Iowa, 256; Billingham v. Bryan, 10 Iowa, 317; Spect v. Spangenberg, 70 Iowa, 488; Budd v. United Carriage Co., 25 Ore., 314; Medler v. Hiatt, 8 Ind., 171; Snyder v. Lane, 10 Ind., 425.

This is not an open question in this State. The case of Bigham v. Bigham, 57 Texas, 238, is, in our opinion, directly in point.

*H. H. MacNicoll,* for appellee.—Johnson's acceptance of the land subject to the Corbett notes, and his assumption and agreement to pay the same, was part of the purchase money consideration, and Elmen, the vendor, was not estopped from showing that such part of the purchase money was still unpaid. Morris v. Gaines, 82 Texas, 255; Spann v. Cochran, 63 Texas, 240; Muller v. Riviere, 59 Texas, 640; Monroe v. Buchanan, 27 Texas, 241.

In an action on warranty between the original parties, where the rights of third persons without notice have not intervened, the recital in the deed of the amount paid by the purchaser is not conclusive, and the real consideration may be shown by parol evidence. Glenn v. Mathews, 44 Texas, 406; Allison v. Pitkin, 33 S. W. Rep., 293.

The rule allowing parol testimony to show the true consideration of a deed is a substantial right, not to be varied or defeated by any form of expression or recitals contained in the instrument itself. McLean v. Ellis, 79 Texas, 398; Garrett v. Robinson, 43 S. W. Rep., 288; Lanier v. Foust, 81 Texas, 186.

When the whole consideration is not expressed in a written contract, parol testimony is admissible to supply the deficiency. The rule exists at common law, and is as well established as that other general rule that parol evidence can not be resorted to for the purpose of varying or contradicting a written contract. Taylor v. Merrill, 64 Texas, 494; Castro v. Illies, 13 Texas, 232; Womack v. Wamble, 27 S. W. Rep., 154; Gibson v. Fifer, 21 Texas, 261; Northington v. Tuohy, 2 White & W. C. C., 326; Webb v. Brown, 2 Posey U. C., 47; Ackerman v. Bundren, 1 App. Civ. Cases, 1306; Downey v. Hatter, 48 S. W. Rep., 35;

Hitz v. National Bank, 111 U. S., 725; 2 Whart. on Ev., secs. 1027, 1044; 1 Greenl. on Ev., secs. 284a-285; Bonney v. Morrill, 57 Me., 368; Thomas v. Loose, 114 Pa. St., 35.

The following cases bear directly upon the admissibility of parol evidence to prove the assumption of incumbrance as part of the consideration in a warranty deed: Laudman v. Ingram, 49 Mo., 212; Sidders v. Riley, 22 Ill., 111; Fitzer v. Fitzer, 29 Ind., 468; Pitman v. Conner, 27 Ind., 337; Perley v. Taylor, 21 Kan., 512; Wachendorf v. Lancaster, 66 Iowa, 458; Bowen v. Kurtz, 37 Iowa, 239.

The following cases refer more particularly to the general question of the admissibility of parol evidence to vary, contradict, or add to the consideration recited in a deed. Murray v. Smith, 1 Duer, 413; Taintor v. Hemmingway, 18 Hun, 458; Drury v. Tremont Imp. Co., 13 Allen, 171; Belden v. Seymour, 8 Conn., 310; Morse v. Shattuck, 4 N. H., 229; Bullard v. Briggs, 7 Pick. (Mass.), 533; Swafford v. Whipple, 3 Greene, 267; Cox v. Henry, 8 Casey, 19; Cushing v. Rice, 46 Me., 303; Harlow v. Thomas, 15 Pick., 66; Bircher v. Watkins, 13 Mo., 521; Hallam v. Todhunter, 24 Iowa, 166; Henderson v. Henderson, 13 Mo., 151; Guinotte v. Chouteau, 34 Mo., 154; Moore v. McKie, 5 Sm. & M. (Miss.), 238; Nutting v. Herbert, 35 N. H., 120; Barns v. Larned, 5 N. H., 264; Curry v. Lyles, 2 Hill (S. C.), 404; Engleman v. Craig, 2 Rush., 424; Hartley v. McAnulty, 4 Yeates, 95; Wilson v. Shelton, 9 Leigh (Va.), 343; Garrett v. Stuart, 1 McCord, 514; Jones v. Ward, 10 Yerg., 160; Harvey v. Alexander, 1 Rand, 219; Meeker v. Meeker, 16 Conn., 383; Burbank v. Gould, 15 Me., 118; Martin v. Gordon, 24 Ga., 533; Hodges v. Thayer, 110 Mass., 286; Watson v. Blaine, 12 Serg. & R., 131; Hayden v. Mentzer, 10 Serg. & R., 329; Murphy v. Bank, 16 Ala., 90; Den v. Shotwell, 23 N. J., 465.

GAINES, CHIEF JUSTICE.—This case comes to us upon a certificate of dissent from the Court of Civil Appeals for the First District.

We take the following statement of the facts of the case from the opinion of the court:

"Appellant (Johnson) was the owner of certain lots in the city of Houston, which property was, at that time and at the time of the trial of this cause in the court below, worth about $3000 and was incumbered with a lien to secure an indebtedness of $2000. * * * The appellee, C. A. Elmen, was the owner of a tract of 320 acres of land in Harris County, worth at that time and at the time of trial of this cause about $1500. The 640-acre tract of land of which this 320 acres is a part was at that time incumbered by a vendor's lien to secure two notes of $250 each, besides interest and attorney's fees. * * * Appellant, through his duly authorized agent and attorney, Stewart Johnson, commenced negotiations with said appellee with a view of trading him the lots above mentioned for the 320 acres of land, and on said date it was verbally agreed between the parties that the said C. A. Elmen would convey to appellant the 320 acres of land subject to said

incumbrance, and that appellant would convey to said Elmen the lots above mentioned and pay him $700 in consideration of the conveyance of said land, said lots to be also conveyed subject to said lien of $2000, each of said parties agreeing to accept the property conveyed subject to the liens before mentioned. In pursuance of this agreement, Elmen prepared a deed conveying the 320 acres of land to appellant, which deed recited a consideration of $700 cash in hand paid, the conveyance of the lots to Johnson, and the assumption by Johnson of the payment of the vendor's lien notes upon the land. Johnson did not accept this deed, and stated that he did not want the vendor's lien notes mentioned in the deed, as he intended to pay them off in the next ten days, and that he would prepare a deed for Elmen to execute. Thereupon the said Stewart Johnson prepared deeds for both parties which were by them executed and the deed prepared by Elmen was destroyed. The deeds executed by the parties were each general warranty deeds and each contained the words, 'have granted, bargained, sold, and conveyed, and do by these presents, grant, bargain, sell, and convey.' The deed from Elmen to Johnson recited the consideration to be $700 and the exchange of other property, and made no reference to the vendor's lien notes before mentioned. The deed from Johnson to Elmen recited that the lots are conveyed subject to the $2000 lien. The appellant Johnson agreed and promised appellee that he would pay the vendor's lien notes, and his assumption of these notes was a part of the consideration for the conveyance to him by appellee of the 320 acres of land. On the day after the execution of these deeds, the appellant mortgaged the 320 acres of land to secure notes for the sum of $2000, which notes and mortgage have never been paid or satisfied in any way.

"Appellant failed to pay the vendor's lien notes on the 320 acres of land, and * * * · W. C. Corbett, who was the owner and holder of the notes, filed suit thereon and recovered a judgment foreclosing his lien. * * * Appellee Elmen was not made a party to this suit, but appellant was one of the parties defendant therein and failed to answer or make any defense to said suit. Under this judgment of foreclosure, the 320 acres of land was sold and bought in by Corbett, and appellant was thereby ousted from possession and divested of the title of the same."

The form of the deed from the appellee to appellant being such as to imply a covenant against incumbrances, the latter brought suit for a breach of the covenant and sought to recover the property conveyed by him upon the ground of a failure of consideration.

The trial court admitted evidence of the parol agreement to pay the vendor's lien upon the land conveyed by Elmen to Johnson, and upon appeal the Court of Civil Appeals upheld that ruling, one of the judges dissenting. This presents the question which has been certified for our determination.

The cases in which the question of the admissibility of parol evidence to affect a covenant against incumbrances in a deed conveying land may be divided into three classes.

In many cases it has been sought to show that one or more incumbrances were known to the covenantee and to exclude such from the operation of the covenant. But it is held, certainly by the great weight of authority, that this can not be done. A sufficient reason for the rule is that the covenantee in many instances may insist upon the covenant for the very purpose of guarding against incumbrances which he knew to exist. In other cases, it has been held that parol evidence can not be admitted to show merely that the parties orally agreed that a certain incumbrance should be excepted from the operation of the covenant. To admit such evidence is to violate the familiar rule that parol evidence is not admissible to vary the terms of a written contract. So far, the courts are in practical accord. But whether or not, notwithstanding a covenant against incumbrances in a deed, it may be shown by parol evidence that it was agreed between the parties at the time of the conveyance and as a part of the contract, that the covenantee should himself discharge an incumbrance, is a question of more difficulty and one upon which there is a conflict of authority. We think, however, the rule that in such cases parol evidence is admissible is supported by the better reason and the weight of authority.

A deed may contain all the terms of the contract of sale between the parties to it. This occurs where the purchase money is fully paid at the time of the execution of the instrument and its payment is acknowledged in the deed. Again, the recitals may be so explicit as not only to show all the stipulations on part of the grantee but also to exclude the existence of any other. In other words, the conveyance, with its recitals, may be such as to make it apparent upon its face that it contains all the terms of the contract between the parties. But for the reason that the conveyance must be in writing in order to pass the title, it sometimes occurs that the deed is but a part of the contract, and that there are other stipulations on part of one or both of the parties which do not appear upon its face. When such other terms of the contract are not required by law to be in writing, they may be proved by parol evidence and given their proper legal effect—subject, however, to the rule that the effect of the deed as a conveyance and as to its covenants can not be varied by such proof. Parol evidence can not be admitted to show that more or less land was agreed to be conveyed than appears in the deed itself, nor, where there is a covenant against incumbrances, that a particular incumbrance was to be excepted which is not excepted in the writing. Thus, as a rule, a consideration different from that recited in the conveyance may be shown by parol evidence. It is clear, therefore, that, in the absence of a covenant against incumbrances in the deed in question, the appellee would have been permitted, in any proceeding in which the question could have arisen, to prove by such evidence that, as a part of the consideration for the conveyance of the land, the appellant agreed to pay the notes which were a charge upon it. But there being a covenant against incumbrances in this case, the result of such proof is the same as if the notes which were secured by a vendor's lien upon the land had been expressly excepted from the cove-

nant. The question presents itself, whether, because of the resulting effect upon the covenants in the deed, the grantor is deprived of the right of showing the assumption of the notes on part of the grantor,— a right which would clearly have been his had he not covenanted against incumbrances. While there is very high authority to the contrary, we are of opinion that it does not. The agreement of the grantee to pay the notes was a part of the contract for the exchange of the lands, but was not a necessary part of either conveyance. It was an additional consideration which the appellant was to pay for the premises conveyed to him, which, as a general rule, as we have seen, may be established by parol evidence. It was a part of the original contract which was agreed upon between the parties, and which was finally consummated by their respective conveyances. The ground upon which the authorities which hold parol evidence inadmissible in such a case proceed, is that the effect of the proof is to except the incumbrance from the covenant and thus to vary the contract as shown by the writing. But does proof of the promise to discharge the debt which is a lien upon the land except anything from the covenant? Does it conflict with or is it inconsistent with the terms of the conveyance? We think not. Clearly, in a suit for a breach of a covenant against incumbrances, it could be shown that a lien had been discharged either before or at the time of or after the execution of the deed; and we think that the effect of the promise which was proved by parol in this case was not to except the vendor's lien notes from the covenant, but was to show that as between the parties to the contract the incumbrance had been discharged. In a case which, we think, is not to be distinguished in principle from this, the Supreme Court of Pennsylvania say: "This being so, this mortgage was, as between the grantors and the corporation grantee, paid." Johnston v. Markle Co., 153 Pa. St., 195. Is the appellant to be permitted to claim a right by reason of the nonpayment of a debt, which, by his own promise, he became primarily liable to pay? Does it lie in his mouth to complain that his grantor has not done that which he bound himself to do? The lien remained after his promise, but as between him and the grantor, it was no longer an incumbrance resting upon the latter, but one which he had taken upon himself. It seems to us that although this is a question of law, the equitable principle should apply, that that is considered as done which ought to be done, and that as between the parties, the lien should be held to be discharged.

We are aware that our textwriters lay down the rule that parol evidence is not admissible in such cases and claim that it is supported by the weight of authority. 1 Jones on Real Prop., sec. 862; 2 Dev. on Deeds, sec. 914. Such also seems to be the opinion of the author of Rawle on Covenants for Title. See 5th ed., sec. 88, and notes. As we have previously said, it seems to us that the weight of authority is the other way. In the following cases where the precise question was presented, it was ruled that parol evidence was admissible. Sidders v. Riley, 22 Ill., 109; Wachendorf v. Lancaster, 66 Iowa, 458; Blood v. Wilkins, 43 Iowa, 567; Strohauer v. Voltz., 42 Mich., 444; Laudman

v. Ingram, 49 Mo., 212; Miller v. Fichthorn, 31 Pa. St., 252; Johnston v. Markle Co., 153 Pa. St., 195 (cited above); Hays v. Peck, 107 Ind., 389. The decision in the case last cited is the more pointed, since the same court within a few days thereafter held that parol evidence was not admissible to show, as against covenants in a deed, that it was agreed between the parties at the time of the conveyance that the grantee was to assume and pay off a certain dower interest in the land —calling it an incumbrance. The court ruled that it was not an incumbrance but an interest in the land itself, and that the effect of the evidence was to vary the deed and that it was not admissible.

A portion of the opinion in the case of Miller v. Fichthorn, above cited, was quoted with approval by this court in the case of Thomas v. Hammond, 47 Texas, 42, and with reference to the case, the court say: "In that case, Miller was sued on his obligation for $293, the balance of the purchase money of land conveyed to him by Fichthorn, for an expressed consideration of $550, and which land, at the time of the conveyance, was subject to the lien of a judgment against a prior owner for $202.34, under which the property was subsequently sold by the sheriff. The question seems to have been: Whose fault was it that the land was sold? And the plaintiff was allowed to show that the party who contracted for the land and had it conveyed to Miller at the time of the delivery of the deed agreed to pay the judgment lien, in addition to the $293, for which he gave his obligation. This case, in its facts, and in the questions involved, is not unlike the case in hand." In Thomas v. Hammond, however, it does not appear that there was any express covenant against incumbrances, though there might have been one implied, as in the present case, from the language of the conveyance. The conveying clause does not appear in the report of the case.

In Massachusetts it is held that parol evidence is not admissible in a case like the present. Simanovich v. Wood, 145 Mass., 180; Flynn v. Bourneuf, 143 Mass., 277. The Supreme Court of Minnesota probably holds the same view, though the case decided by them did not present the exact question presented in the present case. Bruns v. Schreiber, 43 Minn., 468.

For the reasons given, we are of opinion that the majority of the Court of Civil Appeals was correct in holding that parol evidence was admissible to show that at the time of the execution of the deed in question it was agreed between the parties that the grantees assumed the payment of the notes which were a charge upon the premises, and our opinion will be so certified.