DETERING v. BOYLES.

(Court of Civil Appeals of Texas. Galveston. March 20, 1913.)

1. EVIDENCE (§ 419*)—PAROL EVIDENCE—CONSIDERATION.

Parol evidence that before delivery of the deed the parol contract of sale of the land was modified by reduction of the price below the amount of consideration expressed in the deed is admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1912–1928; Dec. Dig. § 419.*]

2. VENDOR AND PURCHASER (§ 266*)—VENDOR'S LIEN.

Any unpaid balance of purchase money is secured by vendor's lien, though it was originally understood that it should all be paid on delivery of deed, and this was waived as to part of it, and the purchaser's oral promise to pay the balance accepted.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 687, 713–750; Dec. Dig. § 266.*]

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Action by J. M. Boyles against H. E. Detering. Judgment for plaintiff. Defendant appeals. Reversed and remanded.

Jones & Jones, of Houston, for appellant. Campbell, Sewall & Myer and Edward S. Boyles, all of Houston, for appellee.

REESE, J. On January 26, 1910, J. M. Boyles conveyed to H. E. Detering by quitclaim deed a certain tract of land described by metes and bounds and recited to contain 20 acres, more or less. The consideration recited was $2,500 to be paid in cash. This tract included within its boundaries a tract of about four acres, which was in possession of G. W. Tharp, and it was arranged that Boyles should procure a quitclaim deed from Tharp; the deed to be made to Detering direct, and the consideration, $1,000, to be paid by Detering to Tharp as part of the $2,500. The deeds were executed substantially at the same time, and it was all substantially the same transaction. Tharp executed the deed to Detering, describing the tract by metes and bounds. Detering paid Tharp $1,000 and paid Boyles $1,277.80 and received the deeds. Boyles brings this suit in the district court to recover of Detering $222.20 and for a foreclosure of the vendor's lien on the land, alleging that of the consideration of $2,500, which Detering was to pay for the land, there was a balance due of that much, which Detering had promised to pay. Detering by his answer, after pleading a general denial, set out his version of the transaction, which was, in substance, that he had agreed to pay $2,500 for the Tharp tract, which was supposed to contain 4½ acres; that Boyles had no title to the remainder of the land embraced in the boundaries of his deed, and he had refused to buy it at any price, as he was advised that Boyles' title was worthless, but was willing to pay $2,500 for the Tharp tract, supposed to be 4½ acres; that surveys and calculations made showed that the land which Tharp proposed to convey contained only 4$1/10$ acres; that, when they met to close the trade, he brought this matter up, and the result was that it was finally agreed then that, at $2,500 for the tract of 4½ acres, the land would be worth $555 per acre, and the four-tenths of an acre short (that is, the difference between the 4½ acres the tract was supposed to contain and the 4$1/10$ acres it did contain) would be worth $222.20, and that it was finally agreed that he should pay Tharp the $1,000 and pay Boyles $1,277.80, which, after deducting $222.20 from the $2,500, would be the amount agreed to be paid, and the whole matter was then closed up and the deeds delivered, he settling with Tharp and giving Boyles his check for $1,277.80. On the trial Detering offered evidence, principally of himself and the attorney Jones, who drew the deeds, and in whose office the transaction occurred, substantially establishing the allegations of his answer as to the character of the transaction. This testimony was objected to by plaintiff on the ground that it was immaterial and irrelevant, and that the effect of it would be to vary or contradict by parol the terms of the written contract as evidenced by the deeds. This objection was tentatively overruled and the evidence admitted; but, after the evidence was all in, the trial court sustained this objection, struck out all of the evidence

tending to establish the allegations of the answer as to the agreement above set out, and, this being done, directed the jury to return a verdict for plaintiff for the amount sued for, with foreclosure of the vendor's lien. Defendant took bills of exceptions to the ruling of the court in striking out the testimony of the witnesses by whom he had undertaken to establish the allegations of his answer, showing the agreement referred to, the alleged shortage in the Tharp tract, and the Tharp deed. This left in the case substantially only the evidence of the Boyles deed and his testimony as to the amount due. Detering, however, denied that he owed Boyles anything, or that he had ever promised to pay the balance claimed, which was allowed to remain in the record. From the judgment thus rendered, Detering appeals.

[1] By appropriate assignments of error, appellant contends: First, that, even without the excluded evidence, there was an issue which should have been submitted to the jury; and, second, that the court erred in excluding the evidence hereinbefore referred to showing the final agreement of the parties. We are inclined to think that, even without the excluded evidence, there was an issue for the jury. This evidence tends to show that, at the time the transaction was finally closed up, there was an abatement of the purchase price of $2,500 to the extent of the amount now claimed to be due, and that the money paid by appellant to Tharp and to appellee was paid and accepted in full payment for the land.

The trial court erred in excluding the evidence offered by appellant. This evidence in no way affected the terms of the written deed from appellee to appellant, except as to the consideration recited. It did not tend to show that more or less land was intended to be or was conveyed than as shown by the terms of the deed. It left both deeds, the one from appellee to appellant and the one from Tharp to appellant, in full effect as written. The effect of this evidence was that appellant regarded and was advised that appellee's title to the land in the Scanlan pasture, being all of the 20 acres except that portion quitclaimed by Tharp, was worthless and he would not have given anything for it, but was willing to give $2,500 for the Tharp tract, which was represented to contain 4½ acres; that he was advised that the field notes of Tharp's quitclaim only embraced 4¹/₁₀ acres; and, upon his objection that he was not getting the quantity of land he was paying for at $555 an acre, it was agreed that the proper proportion of the $2,500 should be deducted, amounting to $222.20, thus abating the purchase price to that extent, and this amount was then paid in full and the whole transaction closed. The only change this made in the deed was to substitute $2,277.80 as the consideration to be paid for the land for $2,500. Jones, the attorney who wrote the deed from appellee to

appellant, explains that the deed had been prepared and ready for execution before this agreement was made. That the deed showed prima facie a sale in gross did not prevent the parties from entering into independent oral agreement, made before the transaction was consummated, abating the purchase price for any reason, and the admission of evidence of this character would, to no extent, violate the rule forbidding the admission of parol evidence to vary or contradict a written contract. Disentangled from immaterial matters, the transaction proposed to be shown by the excluded testimony was this: Appellant agreed to buy from appellee the tract of land referred to for an agreed consideration of $2,500, and the deed was so drawn. When the parties met to consummate the trade by payment of the consideration and delivery of deeds, appellant declined to carry out the sale at that price, but demanded a reduction in the price of $222.20. This was finally agreed to by appellee, and upon this agreement the trade was finally consummated; appellant paying $2,277.80 as the full price for the land and receiving the deeds. The other facts that appellant only considered the Tharp tract of any value, and that he was really paying $2,500 for this tract as 4½ acres at $555 per acre, and that it was short to the extent of four-tenths of an acre, of the proportionate value of $222.20, were mere matters of detail only going to show why the abatement in the purchase price was made, which was the only essential fact. The promise to pay, which is the basis of the suit, rested in parol, and it was competent for appellant to show by parol that he had paid in full for the land and owed nothing. The reason he gave for demanding an abatement of the price was utterly immaterial, except as explanatory, The essential thing was that the price had been abated by agreement of the parties, and upon this agreement the money paid, the deeds delivered, and the matter then and there closed up. The only material thing affected was the consideration to be paid for the land. The trial court erred in excluding the testimony referred to. Johnson v. Elmen, 94 Tex. 174, 59 S. W. 253, 52 L. R. A. 162, 86 Am. St. Rep. 845; Thomas v. Hammond, 47 Tex. 52; G:, C. & S. F. Ry. Co. v. Jones. 82 Tex. 169, 17 S. W. 534; Finn v. Krut, 13 Tex. Civ. App. 36, 34 S. W. 1016; Martin v. Rotan Grocery Co., 66 S. W. 213.

[2] If, in fact, as claimed by appellee, appellant still owes him a balance for the land, the same was secured by the equitable vendor's lien on the land, and the trial court did not err in so holding. Briscoe v. Bronaugh, 1 Tex. 326, 46 Am. Dec. 108; Irvin v. Garner, 50 Tex. 53; Marshall v. Marshall, 42 S. W. 353. This is not affected by the fact that it was understood that the purchase money should be paid in cash. According to appellee's testimony, the payment of the entire amount was waived, and he accepted appel-

lant's verbal promise to pay the balance claimed to be due.

For the errors indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.