### MILMO NAT. BANK v. GARZA et al.*
#### (No. 7270.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 14, 1925. Rehearing Denied Feb. 18, 1925.)

1. Contracts ⬤➡91—Whether grandchildren to whom grandfather conveyed land agreed as part of consideration to pay grandfather's debt held for jury.

Whether grandchildren to whom grandfather conveyed all his property agreed, as part of consideration, to pay grandfather's debt, though recited consideration was love and affection, held for jury.

2. Contracts ⬤➡29—Whether defendants to whom grandfather had conveyed land agreed to pay his debt to plaintiff as their original undertaking held for jury.

Whether defendants to whom grandfather had conveyed all his property promised plaintiff to pay grandfather's debt to plaintiff as their original undertaking held for jury.

3. Evidence ⬤➡419(4)—Parol evidence admissible to prove true consideration of deed.

Parol evidence was admissible to prove that grandchildren's agreement to pay grandfather's debt was part of true consideration · of grandfather's deed to grandchildren, though deed recited love and affection as consideration.

Appeal from District Court, Jim Hogg County; Hood Boone, Judge.

Action by the Milmo National Bank against B. de la Garza, Jr., and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

J. D. Dodson, of San Antonio, and A. R. Smith, of Laredo, for appellant.

Ira O'Meara and Mann, Neel & Mann, all of Laredo, and Arnold & Cozby, of San Antonio, for appellees.

COBBS, J. The main question of law presented here is whether or not the court erred in instructing a verdict for appellees, instead of submitting the case to the jury on the facts. Bernardo de la Garza, Sr., was the grandfather of the appellees, and for 25 years he had been a customer of appellant bank.

Appellant alleged that in May, 1919, while the grandfather was indebted to it for several thousand dollars, he executed with his wife a deed to all his property, which exceeded in value $200,000, for a recited consideration of love and affection, and for the further recited consideration that the grantees in the deed, the grandchildren of appellees, should support, care for, and maintain the grantors so long as they should live, and that· it was the real understanding and intention of all the parties to the deed that such expressed obligation should impose upon appellees ·the obligation to pay the debt of their grandfather, which he owed to appellant.

Appellant also alleged that, subsequent to the execution and delivery of the deed, in recognition of that intended and understood obligation, the appellee Bernardo de la Garza, Jr., for himself, and as agent for his sisters, and the appellees Gallagher and Palacios, for themselves and for their wives, expressly promised appellant to pay off and discharge said indebtedness, and acknowledge the justice thereof, and that the same was their obligation.

Alternatively appellant pleaded that appellees, Bernardo de la Garza, Jr., and David Owen Gallagher and Carlos Palacios, obligated themselves personally to pay such· debt as their original undertaking, in consideration of appellant extending forbearance in the payment of the notes, and in not instituting suit thereon, which original promises appellant accepted and relied upon.

About the time of the ,execution of the deed by the grandfather, he and appellant engaged in a conversation in which the appellee Bernardo de la Garza, Jr., acted as interpreter. The making of the deed was consented to by appellant upon the understanding that its debts should be protected, and that the purpose of such deed should be to protect the grandfather from further imposition by reason of surety debts. It was shown by testimony that the appellees assumed the indebtedness to the bank when they took the deed. It was shown by the evidence that, a short time prior to the execution of the deed, appellee Bernardo, Jr., stated to the cashier of appellant that they were trying to persuade the grandfather to execute .the deed, and that, if he did do so, the debt due appellant would be protected.

---

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted April 8, 1925.

The deed was dated May 28, 1919, and was acknowledged on that date, carrying $200 worth of revenue stamps, but was not filed for record in Jim Hogg county, Tex., until the 27th day of February, 1920.

The grandfather grantor continued to renew notes from time to time, evidencing the indebtedness which existed at the time of the conversation with reference to the making of the deed, and of the actual date of the deed. The grandfather got so he could not leave the house, and Bernardo, Jr., took the last renewal to the house and brought it signed to appellant. Appellant did not know for many months that the land had been actually deeded to the grandchildren.

Thereafter appellees, Bernardo de la Garza, Jr., and David Owen Gallagher and Carlos G. Palacios, each requested appellant for indulgence in the collection of said notes, and to take no action towards forcing collection and the adding of attorneys' fees and penalties, stating to appellant that they would pay, and that the bank's debt would be taken care of.

Thereafter, not having paid the debt, they again promised to pay it, or to execute an instrument in writing, evidencing their obligation to do so, and that, if they did not pay by a certain date, they would execute a deed of trust on the land to secure the debt.

The notes were delivered to an attorney for appellant, who immediately presented them for payment to appellees, Bernardo, Jr., David Owen Gallagher, and Carlos G. Palacios; the obligation was promptly admitted, and they promised to pay the debt; appellee Bernardo, Jr., actually signed one note for $1,000, but excused himself from signing the larger notes sued upon, for the assigned reason that he wanted all of the appellees together when those notes should be signed, and he stated that they were trying to borrow money on the land to pay the indebtedness. Similar conversations were had with the appellees David Owen Gallagher and Carlos G. Palacios, who advised said attorney that appellee Bernardo, Jr., was handling the matter and was spokesman for them all.

Appellee had caused to be prepared an abstract of title to said land, and made for the use of the Federal Land Bank of Houston, Tex., to be used in determining the title to the land, in connection with an application for a loan thereon, on February 10, 1920, which was 17 days before the deed had actually been filed with the clerk of Jim Hogg county, Tex., for record. This abstract of title was brought down for the same purpose several different times, until eventually, after the land had been partitioned among the appellees, they executed and delivered their several deeds of trust to secure loans aggregating $80,000, part of which money was used to pay indebtedness of the grandfather grantor to L. Alexander, in the sum of $40,000, which indebtedness was secured by a deed of trust given by the grandfather grantor and the appellees in April, 1921. The final loan for $80,000 on the land was made in November and December, 1923.

The matter rode along for some two or three months, upon the promise of appellees to pay the note from money to be raised upon the land, until finally they agreed to sign their new notes for an assumption of the indebtedness, and to execute a deed of trust upon the land, and such papers were actually prepared and mailed to appellee Bernardo, Jr., and the hour of 2 o'clock on the ———— day of February, 1922, was agreed upon for the execution of such papers; appellees did not keep that appointment, but at the hour set therefor telephoned from the office of their lawyer that they had been advised to sign nothing.

During the course of these negotiations, appellees Bernardo, Jr., and David Owen Gallagher told W. P. Allen, who owned an adjoining ranch, that this debt was just, and that they were trying to raise money to pay it, and sought to sell him a portion of their land, for the avowed purpose of raising money with which they said the debt must be paid. They subsequently stated to Allen that suit had been filed; that their attorney had advised them they could beat the obligation, and that they were not going to pay it unless they had to.

Appellees, Bernardo, Jr., David Owen Gallagher, and Carlos G. Palacios, in separate conversations with A. M. Bruni, an officer of the appellant bank, and prior to the institution of this suit, stated to him as an officer of the bank that they were going to pay the debt as soon as they could sell a piece of the land, or mortgage a piece of it.

The conveyance from the grandfather grantor to the appellees married granddaughters was not made in their separate estates, and the deed of partition executed between the appellees recited that the property was owned in common by appellees.

[1-3] The issue was presented as to whether or not the true consideration included and imposed any obligation upon appellees to pay the debt due appellant, and whether such appellees gave to appellant their promise to pay said debt as their original undertaking. This obligation was recognized by appellees until the last moment, when advised by their attorneys that they could defeat the obligation. If it be a fact that the payment of appellant's notes against their grandfather was a part of the consideration of the deed it is permissible to prove the true consideration. Such proof does not violate the rule that it contradicts the terms of a written instrument. Kleck v. Kleck (Tex. Civ. App.) 246 S. W. 721; Johnson v. Elmen, 94 Tex. 168, 59 S. W. 253, 52 L. R. A. 162, 86 Am. St. Rep. 845.

The notes were renewed from time to time, and subsequent to the delivery of the deed

appellees requested indulgence. They made express promises to pay the debt, not as sureties, but as their debt.

In view of the fact that the court erred in instructing a verdict, and as this case will have to be returned for another trial, we will not discuss the testimony further.

We think this is a jury case, and not one which a court can take from them.

The judgment is reversed and the cause remanded, for another trial.