**GAINES et al. v. LEE et al.**

No. 2564.

Court of Civil Appeals of Texas. Waco.

Nov. 4, 1943.

Rehearing Denied Dec. 9, 1943.

Williford & Williford and Bowlen Bond, all of Fairfield, for appellants.

Geppert, Geppert & Victery, of Teague, for appellees.

RICE, Chief Justice.

Cleo Gaines and her husband, Vernon I. Gaines, brought this suit against A. A. Lee and others for the purpose of setting aside two deeds insofar as the same affected the title of Cleo Gaines to certain real estate.

The wife of J. T. Lee predeceased him and left no will. J. T. Lee died in 1934, leaving a will which was denied probate. On his death the community estate of himself and his deceased wife consisted of 176 acres of land situate in Freestone county, Texas, the title to which vested by inheritance in their eleven surviving children, and the surviving widow and children of Frank Lee, a deceased son.

On March 3, 1934, the majority of the heirs of J. T. Lee, including the defendant A. A. Lee, executed and delivered to plaintiff Mrs. Cleo Gaines a deed containing clauses of general warranty, conveying to her a tract of 30 acres out of the tract of 176 acres, on which tract so conveyed was situate the original Lee home and out-

houses. On August 20, 1934, eight of the sisters and brothers of A. A. Lee (including Mrs. Cleo Gaines, joined by her husband) executed and delivered to him a deed conveying all of the 176-acre tract less the 30 acres theretofore deeded to plaintiff. This deed recited as the sole consideration therefor the execution by grantee of eight vendor's lien notes, each in the principal sum of $400; each of said notes naming as payee one of the grantors in said deed; and all of said notes were payable two years after date. The deed contained clauses of general warranty, and the vendor's lien was therein retained to secure the payment of the above mentioned notes. This deed also recited: "Cleo Gaines renounces all her right under will dated January 13, 1934, executed by J. T. Lee, willing her thirty acres, by reason of the fact that under said deed, recorded in Vol. 136, page 338, Deed Records of Freestone County, grantors conveyed to her another 30 acre tract." This deed was filed for record December 11, 1937.

By deed dated January 27, 1936, and reciting that it was executed for the purpose of partition, the heirs joining in the deed of August 20, 1934, to A. A. Lee, together with A. A. Lee and plaintiffs, conveyed to the remaining heirs a 50-acre tract out of the land remaining on hand after deducting the 30-acre tract theretofore conveyed to Cleo Gaines; and on the same day, said remaining heirs, grantees in the deed last above mentioned, executed and delivered to the grantors in said deed to them, a deed in partition, conveying all of the 176-acre tract, less the 50-acre tract so conveyed to them.

After the execution of said partition deeds on January 27, 1936, A. A. Lee secured a release of the lien retained in the deed dated August 20, 1934, from seven of the eight heirs named as grantors, they being all of the grantors save plaintiff Cleo Gaines, who never executed a release of such lien.

On March 22, 1941, A. A. Lee, joined by his wife, executed and delivered to Mrs. Grace Moseley Capers, wife of I. L. Capers, a general warranty deed to 59 acres of the J. T. Lee land, being a part of the lands described in the deed of August 20, 1934; and in said deed to Mrs. Capers the vendor's lien was retained in favor of The Teague National Bank to secure part of the purchase price advanced by said bank. Thereafter, on April 23, 1942, plaintiffs instituted this suit against A. A. Lee; Mrs. Grace Moseley Capers; I. L. Capers, her husband; and The Teague National Bank of Teague, Texas, seeking to have cancelled the above mentioned deed from A. A. Lee and wife to Mrs. Capers and the deed executed by plaintiffs and others to A. A. Lee, dated August 20, 1934, as well as to remove cloud from her title to the land in said deeds described; alleging as ground for the cancellation of said last mentioned deed that she had been induced to execute it by fraudulent representations of defendant A. A. Lee, and also because the consideration therefor had failed. In the alternative, plaintiff sought judgment for the value of her interest in said land as of August 20, 1934, and prayed for general relief.

The jury found, in answer to special issues submitted, substantially as follows: (1) Mrs. Capers purchased the 59-acre tract of land without notice of any fraudulent representations, if any, made by defendant A. A. Lee in securing the execution of the deed by plaintiffs to himself; (2) Mrs. Capers had no knowledge that the plaintiff Mrs. Gaines was claiming an interest in the 59 acre tract when she purchased it; (3) The Teague National Bank had no notice of any fraudulent representations, if any, made by A. A. Lee in securing the execution of said deed to him when it advanced its money to pay part of the purchase price of said land; (4) The Teague National Bank did not know that Mrs. Gaines was claiming any interest in the land in controversy when it advanced its money to pay a part of the purchase price of said land; (5) Mrs. Cleo Gaines agreed to execute a release to the $400 vendor's lien notes mentioned in the deed dated August 20, 1934; (6) Mrs. Cleo Gaines received a valuable consideration for her interest in the lands and premises; (7) defendant A. A. Lee had been in peaceable and adverse possession of the land in controversy, cultivating, using and enjoying the same and paying taxes thereon and claiming under a deed or deeds duly registered, for five years prior to March 23, 1942; (8) the deed of August 20, 1934, was executed by Mrs. Cleo Gaines and others to A. A. Lee for the purpose of giving him authority to make a division of the estate among all the heirs of J. T. Lee, deceased; (9) and that said deed was a deed of conveyance. No issue as to fraud practiced by A. A. Lee on plaintiffs was submitted

to the jury, and no such issue was requested by plaintiffs.

Plaintiffs' motion for an instructed verdict, as well as their motion for judgment non obstante veredicto, were overruled by the court. The trial court thereupon rendered its judgment in favor of defendants on the verdict of the jury and on the undisputed evidence. In said judgment the court expressly found, from the undisputed evidence, that after the defendants, A. A. Lee and Anna Lee, conveyed to the defendant, Mrs. Grace Moseley Capers, the lands and premises described in deed dated March 22, 1942, there was remaining unsold 18 acres of the J. T. Lee land; and that the 18 acres had not been conveyed at the time of the filing of this suit nor at the time this case was tried. The court further found, as a matter of law, that A. A. Lee and Anna Lee had the legal right to convey any specific portion, or all of the lands in question, subject to the rights of the plaintiff, Cleo Gaines, if she was a co-tenant, to secure an equitable partition of such lands, against any party or parties who might at the time be the owners of an undivided interest therein.

By their third point plaintiffs say the court erred in refusing to instruct the jury at the close of the evidence to return a verdict against all defendants, cancelling and holding for naught the deed dated August 20, 1934, from Cleo Gaines et al. to A. A. Lee, and the deed of March 22, 1941, from A. A. Lee and wife to Mrs. Grace Moseley Capers, insofar as the same affects the title of Cleo Gaines to said land, and declare her interest free from any and all liens held by The Teague National Bank.

Plaintiffs did not sue for partition but sought to have cancelled the two deeds above mentioned, and to have the cloud cast on her title to the land therein described removed. The trial court found as a fact from the undisputed evidence, and this finding is not challenged by plaintiffs, that after defendants, A. A. Lee and wife, had conveyed to the defendant Mrs. Capers the land described in the deed dated March 22, 1942, there was remaining unsold at the time of the filing of this suit, and at the time of the trial of this case, 18 acres of the original 176-acre tract. The court thereupon concluded as a matter of law that A. A. Lee and his wife had the legal right to convey any specific portion, or all of the land in question, subject to the right of the plaintiff, if she was a co-tenant, to secure an equitable partition of such land, against any party or parties who might at the time be the owner of an undivided interest therein.

 We are of the opinion that the trial court came to a correct conclusion as to the rule of law applicable to the right of Mrs. Grace Moseley Capers and of the defendant Bank to the 59-acre tract conveyed by A. A. Lee and wife by deed of March 22, 1942, and that as to them plaintiffs were not entitled either by their pleadings or the evidence to have said deed to the 59-acre tract cancelled. This rule of law would have been applicable had the findings of the jury entitled plaintiffs to a judgment cancelling the deed to A. A. Lee, dated August 20, 1934, insofar as it affected plaintiffs' interest in the common property. The deed of a tenant in common to a specific parcel of the land held by him in common with others is not absolutely void. It is good as against the grantor and conveys all the latter's interest therein. March v. Huyter, 50 Tex. 243, 251; Maverick v. Burney, 88 Tex. 560, 32 S.W. 512. Such a deed does not convey or destroy any of the title of the other co-tenants in and to the land described therein. It is well established that a court of equity will protect such a purchaser if it can be done without injury to the other owners, by setting apart to the vendee the particular tract so conveyed. Furrh v. Winston, 66 Tex. 521, 522, 1 S.W. 527. Such a deed is voidable only by the co-tenants of the grantor, and not by them unless it appears that it may injure their rights in the total property. It creates in the grantee a prima facie equitable title to the whole tract therein described, which can be overcome only when it appears that the rights of the other co-tenants have been injured by the sale of the particular part of the common property. Heller v. Heller, 114 Tex. 401, 269 S.W. 771. See also: Stanolind Oil & Gas Co., v. Simpson-Fell Oil Co., Tex.Civ.App., 85 S.W.2d 325; Thomas v. Southwestern Settlement Co., 132 Tex. 413, 123 S.W.2d 290. As stated above, plaintiffs brought this suit for cancellation of the deed to the 59-acre tract; they did not sue for an equitable partition; they neither alleged nor introduced evidence tending to establish that their rights have been injured by the sale of the 59-acre tract out of the common property, nor that the 18 acres of the common property remaining on hand at the time of the trial was insufficient, either in

value or acreage, to satisfy the interest which plaintiff then claimed in said common property. We therefore overrule plaintiffs' third point insofar as it relates to the defendants Mrs. Capers and The Teague National Bank.

In reference to the deed dated August 20, 1934, executed by plaintiff and seven of her brothers and sisters, conveying to A. A. Lee all of the J. T. Lee lands except the 30 acres theretofore conveyed to plaintiff, the jury found, on sufficient evidence, that Mrs. Cleo Gaines agreed to execute a release of the $400 vendor's lien note therein described, and that she received a valuable consideration for her interest in the lands and premises. In our opinion, the foregoing finding of the jury, standing alone, precludes the plaintiffs from being awarded a judgment cancelling said deed of August 20, 1934. She admitted executing and delivering the deed last above mentioned, wherein the vendor's lien was retained to secure her as well as each of the other grantors in the payment of a $400 purchase money note; and testified that the deed was executed to A. A. Lee to enable him to handle the estate; that it was a deed of trust; that the notes were drawn up in case any trouble came up, that they would be paid if necessary; that they would stand for what they called for; that the note was never delivered to her and she had never seen it. There was evidence that Mrs. Cleo Gaines requested defendant A. A. Lee to join in a deed conveying to Mrs. Annie Gatlin and others a tract of 50 acres of land in partition and in full settlement of their interest in the J. T. Lee land for the purpose of clearing Mrs. Gaines' title to the 30-acre home tract which some of the heirs had conveyed to her. There was evidence that this 50-acre tract exceeded the acreage which the grantees in said deed were entitled to by approximately 12 acres, and that 12 acres would equal or exceed the pro rata interest that Cleo Gaines would have in the common property remaining after deducting the 30 acres, if she was entitled to share in such remaining property on an equal basis with the other heirs. There was evidence that A. A. Lee agreed to execute and did execute and deliver to Mrs. Gaines said deed of conveyance to Mrs. Gatlin and others in consideration of Mrs. Gaines' promise to execute a release of the $400 vendor's lien note. The jury, as evidenced by their answers to the special issues, gave credence to the evidence substantiating defendant A. A. Lee's version of the agreement. After the partition deeds were executed on January 27, 1936, A. A. Lee paid the remaining grantors in said deed of August 20, 1934, and secured from them a release of the lien retained in their favor. Mrs. Gaines was presented with a release and refused to execute it. Although the deed of August 20, 1934, was originally a "deed in trust," as claimed by Mrs. Gaines to enable defendant A. A. Lee to handle the property of the estate of J. T. Lee, the parties at interest used it as a means of partitioning among themselves their interest in the common property. The legal title to the land therein described passed to A. A. Lee upon the execution and delivery of said deed of August 20, 1934; the equitable title thereto remaining in the grantors until the terms and conditions of the trust were carried out and performed. To protect grantors in their equitable title, the vendor's lien was retained in said deed. When the parties at interest, for a valuable consideration, released the lien to the grantee in said deed, the legal and the equitable title were merged, and the deed became absolute. The jury found that Mrs. Cleo Gaines, for a valuable consideration received by her, agreed to release the liens created on said land for her protection. This consideraiton she retained at the time of the trial. As applied to the state of facts revealed by the record before us, the equitable principle should apply that that is considered as done which ought to have been done, and that, as between the parties, the lien should be held to be discharged. Johnson v. Elmen, 94 Tex. 168, 59 S.W. 253, 52 L.R.A. 162, 86 Am.St.Rep. 845.

By their fourth point plaintiffs contend that the court erred in rendering judgment for defendants because the answer of the jury to Special Issue No. 8 conflicts with the answer to Special Issue 1–A. It is unnecessary for us to decide whether or not an irreconcilable conflict exists between said findings. They are immaterial because the judgment of the trial court is supported by the two issues hereinabove discussed, which are not in conflict with any of the other issues. Aranda v. Texas & N. O. R. Co., Tex.Civ. App., 140 S.W.2d 236, 240, pars. 10, 11 and 12 (writ dismissed); Railway Express Agency v. Robinson, Tex.Civ.App., 162 S. W.2d 984, 989, point 11.

We have carefully considered each of plaintiffs' assignments of error, and being of the opinion that none of them present reversible error, each of said assignments is overruled.

The judgment of the trial court is accordingly affirmed.